Laramore, Judge,
delivered the opinion of the court:
Plaintiff in this action seeks judgment against the United States for back pay as a GS-9 on the ground that her separation from Federal employment in a reduction-in-force at the Lowry Technical Training Center, Lowry Air Force Base, Colorado, was unlawful.
The case arises on cross-motions for summary judgment, and the facts are summarized as follows:
Plaintiff, a nonveteran, was employed as an Employee Utilization Officer (Placement, Employee Relations and Training) in the Lowry Technical Training Center at Lowry Air Force Base (hereinafter called the Lowry Center), GS-10, at a salary of $7,255 per annum. On January 5, 1960, she had 11 years, 9 months, and 15 days of service. On that day the Lowry Center notified her that she had been reached in a reduction-in-force, and the Center offered her a reassignment to the position of Placement Assistant (Typing), GS-5, at $1,940 per annum. She accepted the offer. On January 14, 1960, the Center issued a circular letter stating that upward reclassifications were under consideration, including Employee Utilization Officer (plaintiff’s former position) to GS-11 and Placement Assistant (the position offered to plaintiff) to GS-7. On January 21, 1960, the Lowry Center amended the notification of January 5, 1960 and informed the plaintiff that the offer of Placement Assistment, GS-5, was revoked and that she could have the position of *209 Supervisory Clerical Assistant (Medical), at the same grade and pay, GS-5. She rejected the new assignment, maintaining- that as against Placement Assistant, the Supervisory' Assistant position was not the-best possible' offer and that she was not qualified to perform- its statistical and medical f mictions. On February 2, 1960, the Center gave her the final notice of r edüctioii-in-force, effective February 7, 1960, and informed her that her name would be placed on the re-employment priority list for the Denver commuting area. She was accordingly separated.
Plaintiff appealed her reduction-in-force separation with the Civil Service Commission’s Denver Regional Office, alleging that she had not been given the best possible offer of re-assignment in lieu of separation.- ■ On March 3, 1960, the Denver Regional Office denied plaintiff’s appeal, holding that an offer of any GS-5 position at Lowry Air -Force Base' would constitute a reasonable offer within- the definition of the regulations. Plaintiff then, by letter of March 8, 1960, entered an appeal with the Civil Service Commission’s Board of Appeals and Review, on the same basis as her earlier appeal. On August 31, 1960, the Board of Appeals and Review reaffirmed the decision of the Denver Region.
On August 17, 1961, plaintiff alleged that her rights as a separated career employee had been violated. The matter was investigated by the Civil Service Commission’s Denver Regional Office, and on September 20, 1961 that office informed the Commander of the Lowry Air Force Base that plaintiff’s retention preference rights had been-violated. The Denver Region found that (1) the Air Force Accounting and Finance Center had filled -two GS-1L Personnel Management Specialists positions by transfer from other agencies without first, considering plaintiff for those positions, and (2) that a review of an application for Federal employment executed by plaintiff showed .that she was qualified for the position of Management Analyst (Manpower Utilization and Control), GS-9, which position Lowry Air Force Base did not offer plaintiff at the time of her reduction-in-force, and which was on; February 7,1961 filled by a new appointment. The Region held that plaintiff’s rights were violated as of the filling of the position on -February 7, 1961 and that she *210 should be offered a Management Analyst, GS-9, position and, if she accepted, to reinstate her as of February 7,1961.
The Lowry Technical Training Center of the Air Force appealed that decision to the Civil Service Commission’s Board of Appeals and Review pn the basis that plaintiff did not qualify for a Management Analyst GS-9 position, and that the Standard Form 57 used by the Commission’s Regional Office should not have been used to determine plaintiff’s experience, as it was executed by plaintiff after her reduction-in-force. The Board of Appeals and Eeview, after examination of her appeal, remanded the case to the Denver Region on November 3, 1961, holding that the earlier decision was not fully responsive to plaintiff’s appeal. On December 11,1961, the Civil Service Commission was notified that plaintiff had been employed as a Management Analyst, GS-11, at the Air Force Accounting and Finance Center, Denver, Colorado, from the re-employment priority list. By letter of December 13,1961, the Denver Regional Office notified the Air Force that plaintiff’s appeal was being closed since the appointment of plaintiff removed the restriction imposed by the Retention Preference Regulations and corrected any invalidity of the prior questioned appointments. Plaintiff appealed the dismissal of her re-employment priority list appeal to the Commission’s Board of Appeals and Review, stating that she thought she should be reinstated to the position of Management Analyst, GS-9, at Lowry Air Force Base, effective February 7, 1961. Plaintiff, by letters of November 30, 1961 and December 19, 1961, also requested a reopening of the reduction-in-force appeal which had been disposed of by the Board of Appeals and Review on August 31,1960.
On May 17, 1962, plaintiff was notified that the Commissioners had approved the reopening of plaintiff’s reduction-in-force appeal; had cancelled the Board of Appeals and Review decision of August 31, 1962; and ordered the Board to give concurrent consideration to her reduction-in-force appeal and re-employment priority list appeal. On June 27, 1962, the Board of Appeals and Review held that at the time of plaintiff’s reduction-in-force she was qualified for the position of Management Analyst, GS-9, and that the *211 offer of reassignment to the GS-5 position was not a reasonable offer under the retention preference regulations. The Board further held that the action separating plaintiff by reduction-in-force should be changed to reflect a change to a lower grade (GS-9) effective February 8, 1960, and that plaintiff assumed the GS-11 Management Analyst position by promotion and change ,of appointing office as of December 11, 1961. Plaintiff’s entitlement to entry on the re-employment priority list was cancelled retroactively and her appeal was closed without further action.
On August 10, 1962, the Department of the Air Force requested the Commissioners to reopen the appeal under section 20.506 of the Civil Service Regulations[1] on the basis that plaintiff was not qualified for the position of Management Analyst, GS-9 or GS-11. The Air Force also requested that should a decision adverse to plaintiff be issued, a waiver of qualification be granted since it had no desire to separate plaintiff from the GS-11 Management Analyst position she tiren held.
On September 13,1963, the Commission issued its decision, holding that plaintiff did not meet the minimum qualification requirements for the position of Management Analyst, GS-9, at the time of her reduction-in-force, nor for the Management Analyst, GS-11, at the time of her reinstatement. The Commission further held the reduction-in-force action proper. The Air Force’s request for a waiver of the qualification standards for the Management Analyst GS-11 position was granted so as to permit plaintiff to continue in that position.
On December 11, 1963, plaintiff filed this suit to recover back salary and the value of accrued annual leave lost during the period of her separation from the government (February 7,1960 to December 11,1961) as a result of her reduction-in-force.
The sole question presented is whether the decision of the Civil Service Commission, holding that plaintiff’s reduction-in-force action was proper, was arbitrary, capricious and unlawful.
*212 The pertinent regulations of the 'Civil Service Commission provide: (1) that each agency is responsible for maintaining current records of information necessary to determining the relative preference of employees;[2] (2) that an employee reached in. reduction-in-force is entitled to a reasonable change in position if qualified as against an incumbent in the competitive area with lower .retention standing;[3] (3) that a change is reasonable if it involves the same representative rate of pay or the least reduction in representative rate;[4] (4) that an agency is not required to give an employee a choice between reasonable changes in position;[5] (5) that each agency shall establish and maintain a re'-employment priority list of separated employees;[6] and (6) that when a qualified person is available on such list, no position may be filled by the transfer of an employee of a different agency or by the new appointment of any person except a qualified 10-point preference eligible and that the qualified person on the list is entitled to be notified of the reasons for an adverse exception.[7] The regulations further provide for appeals such as were exercised in this‘case by both parties. The regulations also specifically provide that the decision of the Board shall be final. This, of course, in the absence of arbitrary, capricious, or unlawful action.'
Plaintiff makes only one complaint here; i.e., that the final decision of the Civil Service Commission, which was rendered by the Commissioners and which reversed the decision of the Board of Appeals and Review, was arbitrary, capricious and unlawful.. Plaintiff argues that this is so because the Commissioners failed to make any findings and, as plaintiff says, was a “mere ultimate conclusory opinión,” not constituting findings as contemplated by due process.-
■ Plaintiff has pointed to no statute or regulations requiring the Commissioners in cases such as this to make findings of fact. Other than section 14 of the Veterans’ Preference Act, 58 Stat. 390, which deals with separations for cause and which *213 is not in issue here, we know of no statute or regulation requiring findings of fact in these circumstances. As a matter of fact, plaintiff admits that no findings are called for where the Regional Office and the Board of Appeals and Review have held- against an employee. But plaintiff argues that where the Regional Office and the Board of Appeals and Review have found for the employee, the Commissioners cannot reverse with a “mere ultimate conclusory opinion.”
A look at the record reveals that the decision of the Regional Office, the Board of Appeals and Review, and the decision of the Commissioners áre all very similar. The decision of the Regional Office stated that “* * * her experience and qualifications do meet the examining standards for the position * * The decision of the Board of Appeals and Review stated “* * * the Board concurs in the finding of the Commission’s Denver Region to the effect that at the time * * * you met the examining standards * * The Commissioner’s decision stated in pertinent part:
The Commissioners have fully considered the entire appellate record, including the case file in Mrs. Barger’s Reemployment Priority List appeal. The decision of the Commissioners is that Mrs. Barger did not meet the minimum qualifications requirements specified by the 'Commission for Management Analyst GS-9, at the time of the reduction in force at Lowry Air Force Base nor for Management Analyst GS-11 at the time of her reinstatement from the Reemployment Priority List by the Air Force Accounting and Finance Center; that the action of the Air Force in separating her by reduction in force, effective February 7, 1960, was proper and is sustained; that in order to permit her to continue in her current position, the Air Force request for waiver of qualifications standards for Management Analyst GS-11 is granted in her case; and that her employment by the Air Force Accounting and Finance Center on December 11, 1961, cured any violation of her reemployment priority rights.
The decision of the Commissioners sustains the appeal of the Department of the Air Force, reverses the Board’s decision of June 27, 1962, and rescinds the corrective action recommendations. The Commissioners’ decision also sustains the decision of the Denver Region to close *214 the Reemployment Priority List matter in view of Mrs. Barger’s placement in GrS-11 on December 11,1961.
Plaintiff would urge upon this court that she received appropriate findings from the Region and from the Board of Appeals and Review, but not from the Commissioners. We can see no difference. She at the very least received as much information in the way of findings from the Commissioners as she received from the Region or the Board of Appeals and Review.
In civil service cases the task of the courts is a limited one, and the courts cannot "undertake to pass on qualifications of an employee for any given post. Congress has established the Civil Service Commission to make these determinations, and it is only where there has been a substantial departure from applicable procedures, a misconstruction of governing legislation, or like error going to the heart of administrative determination, that judicial relief is obtainable. Powell v. Brannan, 196 F. 2d 871 (1952). No procedural error is claimed here and plaintiff has not, in our opinion, pointed to any error going to the heart of the administrative determination.
The final decision is left to the Commissioners. In this case the Commissioners acted from a consideration of the record before them which included a detailed analysis, supported by documents, of the Department of the Air Force as to why plaintiff did not qualify under standards then in use.
Under these circumstances, we think there was a reasonable basis for the Commissioners’ decision. Consequently, the decision was neither arbitrary, capricious, nor unlawful, and is final. Eclov v. United States, 137 Ct. Cl. 341 (1957).
Plaintiff’s motion for summary judgment is denied, defendant’s cross-motion is granted, and plaintiff’s petition is dismissed.

 Plaintiff does not dispute that the Air Force could request reopening of the appeal or that the Commissioners could, In their discretion, reopen the appeal under this regulation.

 5 C.F.R. § 20.3(a) (Supp. 1960).

 5 C.F.R. §§ 20.2(d), 20.2(e), 20.3(b) (Supp. 1960).

 5 C.F.R. § 20.5(3) (Supp. 1960).

 5 C.F.R. § 20.5(d)(3) (Supp. 1960).

 5 C.F.R. § 20.7(a) (Supp. 1960).

 5 C.F.R. § 20.7(c) (Supp. 1960).