"These consolidated cases come before the court on plaintiffs’ motion for summary judgment, filed August 17, 1976, and defendant’s cross-motion for summary judgment, filed January 17,1977, having been submitted on the briefs and oral arguments of counsel. Plaintiffs were classified Civil Service employees and veterans’ preference eligibles employed as GS-1955-11 Space System Quality Control Specialists at the Naval Plant Representative Office (NAVPRO) in Bethpage, New York, until June 24, 1971. On that date, plaintiffs were separated from federal service by a reduction-in-force (RIF) which they claim was wrongful, as a result of which they ask for back pay, retroactive *805 restoration to duty, and correction of records. Plaintiff Perlman 'retired’ May 31, 1971, but we held in Perlman v. United States, 203 Ct. Cl. 397, 490 F.2d 928 (1974), that his retirement was involuntary under the circumstances present, and so we treat this plaintiff as having been separated by the June 24 RIF.
"Plaintiffs claim that incorrect position classifications and an improperly drawn retention register gave rise to their separation, in violation of preference and retention rights guaranteed by law, and that those rights were further abridged by the recall policy pursued by NAVPRO. Specifically, plaintiffs allege that: (1) NAVPRO erred in utilizing three different series classifications, 1955 (that of plaintiffs), 1942, and 1936, to conduct the RIF, rather than the single series 1910 which the Civil Service Commission had adopted for all the positions in the three former classes before the multiplestage RIF began in February 1971 but about which NAVPRO was not officially notified until just prior to the final stage of the RIF; (2) NAVPRO improperly segmented the RIF into three stages, effectively curtailing plaintiffs’ 'bumping’ and retention rights without warrant; and (3) within a short time after the RIF was completed, NAVPRO recalled certain 'riffed’ employees with lower retention and veterans’ preference rights than plaintiffs, thereby violating those rights of plaintiffs. On timely appeals (in plaintiff Perlman’s case, these occurred after this court’s decision cited above) to the Civil Service Commission’s New York regional office, later known as the New York field office of the Federal Employee Appeals Authority, and then to the Board of Appeals and Review (BAR), later named the Appeals Review Board (ARB), and then to the Commissioners, the actions of NAVPRO were sustained. Plaintiffs severally petitioned this court for relief and, on August 21, 1975, their cases were ordered consolidated for purposes of briefing and argument.
" 'Our review of a reduction in force is limited, and it is only where an error "going to the heart of the administrative determination” is committed that we can grant relief. Barger v. United States, 170 Ct. Cl. 207, 214 (1965).’ Carlson v. United States, ante, at 774. The Civil Service Commission and the agencies undertaking to apply the Commission’s *806 standards are accorded wide discretion in conducting a RIF program, Wilmot v. United States, 205 Ct. Cl. 666, 686 (1974); Bookman v. United States, 197 Ct. Cl. 108, 453 F.2d 1263 (1972), and absent a clear abuse of that discretion, a substantial departure from applicable procedures, a misconstruction of governing statutes, or the like, the administrative decision is final. Barger v. United States, supra. Plaintiffs ask us to view the facts of their cases as a whole to ascertain violations of their rights, recognizing as they must their heavy burden in attempting to overcome the broad RIF authority of the agency and the Commission in light of the limited scope of this court’s review.
"Upon the entire record, we sustain the rulings of the BAR and ARB, finding no violations of plaintiffs’ substantive or procedural rights. The BAR and ARB found no lack of justification or substantial variance from prescribed procedure in the classifications and stages which NAVPRO used in conducting the RIF. They determined that the Commission’s adoption of the new 1910 series was not binding upon NAVPRO in the circumstances, and that even if the series was implemented it would not have affected the competitive levels of either plaintiff. Also, it was held that the recall procedures employed did not violate plaintiffs’ rights as plaintiffs did not meet the qualifications for the positions filled by recall. The court will not independently 'undertake to pass on qualifications of an employee for any given post.’ Barger v. United States, supra; 5 U.S.C. § 5112 (1970). Plaintiffs have not proved that NAVPRO, in the RIF and recall actions that it took, ran counter to statutes or regulations, abused its discretion, or otherwise acted in a manner arbitrary or capricious so as to require this court to set aside what was done, Carlson v. United States, supra, nor have they demonstrated any error in the affirmance of NAVPRO’s actions by the BAR and ARB.
"it is therefore concluded and ordered that plaintiffs are not entitled to recover and that the decisions of the Civil Service Commission Board of Appeals and Review in No. 175-73, and Appeals Review Board in No. 178-72, are hereby affirmed. Accordingly, plaintiffs’ motion for summary judgment is denied, the defendant’s cross-motion for *807 summary judgment is granted, the petition in No. 175-73 is dismissed, and case No. 178-72 is remanded to the Trial Division for further proceedings in view of the previous judgment and of defendant’s assertion that it may be entitled to, and may amend its answer to state, a setoff or counterclaim for certain retirement pay plaintiff Perlman has received since June 1, 1971. The court, of course, intimates no decision herein on the viability of the proposed setoff or counterclaim.”