This civilian pay case concerns the right of a Government employee who has lost his job due to a reduction in force (RIF) to displace another employee in a lower retention subgroup. It is before the court on defendant’s motion for summary judgment and plaintiffs opposition thereto. We conclude that the Government acted properly in determining that plaintiff was not entitled to retreat to a GS-4 clerk-typist position, and grant defendant’s motion for summary judgment.
Plaintiff was employed by the United States Army from August 1965 until his separation in April 1976. He was originally hired as a youth opportunity trainee. He worked as a mail and file clerk (GS-1) and as an audio-visual equipment clerk (GS-2 and GS-3). In November 1967 plaintiff was found to be qualified as a clerk-typist at the GS-2 level. He was employed as a clerk-typist at that level from February 11, 1968, through July 28, 1969. From that *711 date to the date of his separation plaintiff held positions as an audio-visual equipment clerk (GS-4), a film library worker (WG-6), and, at the time of separation, he was employed as an audio-visual services specialist (GS-7) by the U.S. Army Strategic Communications Command, Western Area, Oakland Army Base, Oakland, California.
Plaintiff was notified by letter of January 23, 1976, that he would be released from his job because of a RIF made necessary by a decline in workload. He was informed that after a review of the retention register and his personnel records the agency had determined that there were no positions to which he could be reassigned. Plaintiff appealed the agency decision to the Federal Employee Appeals Authority (FEAA) of the Civil Service Commission.
Plaintiff argued to the FEAA that he should have been given the opportunity to displace another identified employee in her position of GS-4 clerk-typist. The Army argued that plaintiff was not eligible for the GS-4 clerk-typist position because the highest grade that he had held as a clerk-typist was a GS-2, and a review of his personnel records revealed minimal other typing experience. Plaintiff responded by challenging the accuracy of his personnel records. He contended that although his position descriptions did not so state, he had performed numerous typing assignments both before and after the period when he had served as a GS-2 clerk-typist. He alleged that he had requested that his supervisor list these duties in his position description, but his request had been denied.
The FEAA found that, based on the personnel records and the material submitted by plaintiff, the Army had been correct in concluding that the positions which plaintiff had held, other than the GS-2 clerk-typist position, did not involve typing as a significant part of the work experience. It therefore affirmed the Army’s action of refusing to offer plaintiff the GS-4 clerk-typist position. In doing so the FEAA found that no positions were offered by the agency or available in the relevant competitive area which plaintiff would be entitled to, either as (1) a position for which he qualified, occupied by an employee in a lower retention subgroup, or (2) a position from or through which he was promoted or substantially similar to one from or through which he was promoted, occupied by an employee *712 with a later service computation date in the same subgroup. Thus, no offer was made to reassign plaintiff to a position as a GS-2 clerk-typist, and at no time has plaintiff asserted a claim to be reassigned in that classification.
Plaintiff then filed a petition with the Appeals Review Board (ARB) requesting his case be reopened on the basis of newly discovered evidence. Plaintiffs new evidence consisted of statements of two of his past supervisors which bolstered his argument that typing experience had been a significant part of his positions. In denying plaintiffs request to reopen and reconsider the case, the ARB found that the proffered evidence did not constitute new and material evidence that was not readily available at the time of plaintiffs appeal to the FEAA. An appeal to the Civil Service Commission was also rejected.
Plaintiff argues in his petition that the decision of the FEAA was arbitrary. He contends that his submissions to the FEAA raised a substantial question with respect to the accuracy of his position descriptions. It is plaintiffs position that the FEAA had a duty to resolve the dispute over the accuracy of the position descriptions, and the failure to do so constitutes arbitrary conduct.
Defendant contends that the decision of the FEAA is clearly supported by the record. It further contends that the FEAA has no duty to investigate an employee’s qualifications beyond the information contained in his personnel file.
We note at the outset of our discussion the limitations of our review of the administrative actions such as this. The good faith of those taking administrative action is presumed. Boyle v. United States, 207 Ct. Cl. 27, 515 F.2d 1397 (1975). In examining the administrative decision we ask whether the adverse action "is illegal because it violates applicable statutes or regulations, or is demonstrably in bad faith or malicious because it is arbitrary, capricious, or devoid of substantial evidence to support it.” Wathen v. United States, 208 Ct. Cl. 342, 351, 527 F.2d 1191, 1197 (1975), cert. denied, 429 U.S. 821 (1976). The error must go to the heart of the administrative determination. Barger v. United States, 170 Ct. Cl. 207, 214 (1965).
We find nothing in the record of this case indicating that the FEAA acted arbitrarily or in disregard of plaintiffs *713 rights. Plaintiffs personnel records do not indicate that he has performed significant typing duties other than those performed when he was a GS-2 clerk-typist. Plaintiff challenged these job descriptions as inaccurate. He submitted to the FEAA a full description of the typing duties which he alleged were a part of his various jobs. The FEAA did not arbitrarily ignore plaintiffs submissions. It found that the evidence before it did not establish that typing was a significant part of the work performed by plaintiff. We hold that there is substantial evidence to support that finding.
Any injury done to plaintiff by the earlier refusal to allow him to list his typing duties as a part of his official position description was cured when he was allowed to directly challenge those position descriptions before the FEAA. Plaintiffs failure to submit in a timely manner statements of his superiors in support of his position does not vitiate the propriety of the decision of the FEAA.
it is therefore ordered, after consideration of the administrative record and the submissions of the parties, but without oral argument, that defendant’s motion for summary judgment is granted and plaintiffs petition is dismissed.