Civilian pay, reduction-in-force; scope of review of Civil Service Commission decisions; establishment of competitive level; illegality of contract under which plaintiff’s job was performed after RIF. — On April 18, 1980 the court entered the following order:
Before Davis, Judge, Presiding, Nichols and Kashiwa, Judges.
Plaintiff James M. Ellis brings this action in order to challenge the reduction-in-force (RIF) which separated him from the position he held with the National Aeronautics and Space Administration (NASA). Plaintiff was removed from his job as a GS-9 Mechanical Engineering Technician in 1970, and filed a timely appeal of that action with the Civil Service Commission (CSC). Plaintiff appealed the RIF on the grounds that his competitive level was improperly narrow, that he was denied retreat rights, and that NASA improperly contracted out his position to service contractors in violation of CSC and NASA standards. After the initial regional office decision was rescinded and remanded by the CSC on the issue of plaintiffs right to retreat to another position within NASA, the CSC, in March 1972, upheld the regional office’s findings that NASA’s establishment of plaintiffs competitive level was proper, that no retreat rights to which plaintiff was entitled were denied, and that the legality of NASA’s service contracts was irrelevant to the propriety of plaintiffs RIF.
In September of 1976, plaintiff Ellis and plaintiff Windell Malpass[1] filed a petition in this court, in which Mr. Ellis alleged that his separation was improper, and that the *736 CSC’s decision sustaining the action was arbitrary and capricious. More specifically, plaintiff reasserted the issues raised in his CSC appeal regarding his competitive level, retreat rights and the contracting out of his position. Defendant responded by filing a motion for summary judgment. With regard to plaintiff Ellis, we suspended this action until.completion of proceedings in AFGE v. Administrator, NASA, 424 F. Supp. 186 (D.D.C. 1976), which involved the issue of the legality of certain NASA service contracts. That case has now been completed, see AFGE v. Webb, 580 F.2d 496 (D.C. Cir.), cert. denied, 439 U.S. 927 (1978), and defendant has resubmitted its summary judgment motion. Plaintiff opposes that motion but has not filed a summary judgment motion of his own. For the reasons set forth below, we find that there are no issues of material fact presented, and that defendant is entitled to judgment as a matter of law.
Plaintiff has alleged in his petition that the competitive level[2] in which he was placed was improperly established and maintained in violation of the reduction-in-force procedures set forth in the Federal Personnel Manual. FPM Chapter 351. However, plaintiff has made no factual allegations supporting this position, or indicating that the CSC abused its discretion or otherwise acted improperly in finding that plaintiff had been placed in a proper competitive level.
Congress has granted the CSC broad authority with regard to classification of government employees. Bookman v. United States, 197 Ct. Cl. 108, 116, 453 F.2d 1263, 1267 (1972); Wilmot v. United States, 205 Ct. Cl. 666, 682, 686 (1974). Because classification and establishment of competitive levels requires the exercise of discretionary judgments,
[t] he administrative decisions by those with the special expertise to make them are not only presumed to be correct but will be upset judicially only where it is shown beyond doubt that the discretion vested in the agency *737 officials has been abused or is in excess of their authority, or where the result is unsupported by substantial evidence, or is contrary to law or regulation. [Wilmot, supra, 205 Ct. Cl. at 682.]
"[P]laintiffs must bear the burden of showing arbitrariness in, and lack of support for, the administrative determinations.” Bookman, supra, 197 Ct. Cl. 116, 453 F.2d at 1268. See also, Albert v. United States, 194 Ct. Cl. 95, 100, 437 F.2d 976, 979 (1971); Friedman v. United States, 214 Ct. Cl. 804, 806 (1977). After a careful examination of the record, we do not find any evidence supporting plaintiffs contentions regarding his placement in an improperly established or maintained competitive level. In light of the court’s limited review in this area, and plaintiffs failure to "substantiate any abuse of discretion or absence of support for the Commission’s findings * * we find that there has been a failure of proof by plaintiff, and that the CSC’s decision on this issue should therefore be upheld. See, Bookman, supra, 197 Ct. Cl. at 116-17, 453 F.2d at 1268.
In connection with the argument regarding his competitive level, plaintiff contended in his CSC appeal that "NASA * * * has by illegally utilizing contractors reduced the positions and competitive levels so as to cause removal of Civil Service Employees under FPM 351.” While this allegation was not made in the petition, plaintiff does make a broader claim which encompasses it. He alleges that NASA regulations[3] and CSC "Pellerzi Standards”[4] were violated by the contracting out of duties which had been performed "in-house” by plaintiff prior to the RIF action. We need not reach the issue of whether, assuming that the contracts did violate certain agency or government stan *738 dards, such violation would create any legal rights in plaintiff,[5] since in this instance, there has been no showing whatsoever that the contracts in question were illegal.
Despite the fact that our suspension of this case put plaintiff on notice of this issue, plaintiff has made no attempt to allege any facts which put the legality of the service contract into question. Nor does he assert any facts which distinguish the instant service contract from the similar NASA service contracts found legal in Webb. Instead, plaintiff has made only a conclusory allegation, without supporting facts, that the contract under which his duties were subsequently performed, violated government standards. We therefore find that plaintiff has wholly failed to carry his burden of alleging facts which, if proven, would establish the illegality of the service contract involved herein, and we hold in the Government’s favor on this issue.
Plaintiff also attacks the CSC’s determination that he was not denied "retreat” rights available to him under applicable CSC regulations.[6] Specifically, plaintiff has alleged throughout the appeal process that he was entitled to retreat into a GS-7 mechanical engineering technician position held by two employees with later service dates than plaintiff, since, according to plaintiff, this position was substantially the same as jobs which plaintiff had held prior to his promotion to the RIF’d position.
In its initial ruling on this issue, the Dallas Regional Office of the CSC found that plaintiff could not retreat to *739 the mechanical engineering technician position because he had not been "promoted from or through the positions.” The CSC rescinded the regional office’s decision on this issue because it had failed to consider whether plaintiff had been promoted from or through "an essentially identical position” during the period in which he occupied wage board positions (prior to being promoted to the GS-9 position from which he was RIF’d). See, 5 C.F.R. § 351.703(a)(2). On remand, it was found that the position into which plaintiff wished to retreat differed significantly from those which plaintiff had previously held or been promoted through. This ruling was affirmed in the final CSC opinion.
It is clear from an examination of the administrative record that the CSC had available all necessary information to make its determination of plaintiffs retreat rights. This information included the position description of the position plaintiff wished to retreat to and plaintiffs federal job history. It also included NASA’s comparison of plaintiffs wage board positions and the position he wished to retreat to, as well as an advisory opinion by a CSC evaluation branch official, both concluding that significant differences existed between plaintiffs prior experience and the Civil Service position in question. Based on this information, the CSC found that the GS-7 position in question required specific duties which plaintiff had not performed in his previous federal positions, and that plaintiff had never held a job sufficiently similar to the GS-7 position to entitle him to retreat rights with respect to it. This ruling was supported by substantial evidence in the administrative record, and plaintiff has alleged no facts which would justify its reversal. Further, it did not constitute a substantial departure from applicable procedures, a misconstruction of governing legislation, or other error going to the heart of the administrative process.[7] The CSC’s decision that retreat rights were not improperly denied must *740 therefore be upheld by this court, see Barger v. United States, 170 Ct. Cl. 207, 214 (1965), particularly in light of the CSC’s special expertise in the evaluation of positions for purposes of RIFs. See, Wilmot, supra, 205 Ct. Cl. at 682; Finch v. United States, 179 Ct. Cl. 1, 6 (1967).
It is clear from the foregoing discussion of plaintiffs various challenges to the RIF action, that he has failed on all counts to carry his heavy burden of overcoming the CSC’s decision upholding the RIF action. We must therefore grant defendant’s motion for summary judgment,[8] and dismiss the petition.
IT IS SO ORDERED.

 Plaintiff Malpass was dismissed from this action by an order of the court dated February 9,1978. As used hereinafter, "plaintiff’ refers to plaintiff Ellis only.

 The term ''competitive level” is defined in 5 C.F.R. § 351.403(a) as all positions in a competitive area and in the same grade or occupational level which are sufficiently alike in qualification requirements, duties, responsibilities, pay schedules, and working conditions, so that an agency readily may assign the incumbent of any one position to any of the other positions without changing the terms of his appointment or unduly interrupting the work program.

 The NASA "regulation” upon which plaintiff appears to rely is NPC-401, "NASA Policy and Procedures for the Use of Nonpersonal Services.” However, plaintiff makes no allegations as to why the alleged service contracts at issue violate NPC-401 whichisnot an absolute prohibition against all service contracts, and which in fact recognizes that such contracts are desirable in certain circumstances.

 The CSC standards upon which plaintiff relies are contained in an opinion written by former CSC General Counsel Pellerzi, as supplemented by an opinion of former CSC General Counsel Mondello. These so-called "Pellerzi Standards” deal with the use of service contractors by the federal government, and generally proscribe the use of such contractors where the workers performing duties under the contracts, while nominally employees of the contractor, are in actuality, employees of the federal government. The most important of the six elements to be considered in making this determination is who exercises control and supervision over the employee’s performance of his or her duties.

 Our earlier suspension of proceedings in this case was related to this issue. In AFGE v. Administrator, NASA, supra, the district court held that service contracts which violated agency and CSC standards and regulations were void, and ordered that employees affected by RIF actions resulting from decisions to perform work by such contracts be reinstated to their former position with back pay and benefits. 424 F. Supp. at 218. Contra, AFGE v. Hoffman, 427 F. Supp. 1048, 1088-89 (N.D. Ala. 1976). On appeal, however, this issue was left open, since the Court of Appeals found that all of the service contracts at issue met applicable NASA and CSC requirements. Webb, supra, 580 F.2d at 513.

 5 C.F.R.§ 351.703(a)(2) states:
An agency shall assign under § 351.603 a group I or II employee in a position in the competitive service, rather than furlough or separate him, to a position in the competitive service in another competitive level in his competitive area which requires no reduction, or the least possible reduction, in representative rate when a position in the other competitive level is held by an employee:
(2) With lower retention standing in a position from which the group I or II employee was promoted or an essentially identical position.

 The only error relating to retreat rights which plaintiff alleges in his opposition to defendant’s summary judgment motion is that he has retreat rights to a position substantially similar to one from or through which he was promoted, rather than only to an essentially identical position. A simple reading of the regulation shows that the "essentially identical” standard applied by the CSC is correct. See, 5 C.F.R. § 351.703(a)(2), supra at note 6.

 Because we have ruled in defendant’s favor on other grounds, we need not decide the Government’s contention that plaintiffs claim is barred by the doctrine of laches.