"This case comes before the court on defendant’s motion, filed May 28, 1976, for summary judgment, and plaintiffs cross-motion, filed October 8, 1976, for summary judgment, having been submitted on the briefs and oral arguments of counsel. Upon consideration thereof, it is concluded that the plaintiffs are not entitled to recover and that the decision of the Civil Service Commission Board of Appeals and Review should be affirmed.
"Our review of a reduction in force is limited, and it is only where an error "going to the heart of the administrative determination” is committed that we can grant relief. Barger v. United States, 170 Ct. Cl. 207,214 (1965). In this case, we can find no error relating to the reduction in force at the Picatinny Arsenal. Agencies are granted wide discretion in conducting a RIF. Wilmot v. United States, 205 Ct. Cl. 666 (1974). Plaintiffs here have not proved that the Department of the Army, in the creation of HISA or in any other way, abused its discretion or acted in an arbitrary or capricious manner so as to require this court to set aside the RIF. See Wilmot v. United States, supra; Bookman v. United States, 197 Ct. Cl. 108, 453 F.2d 1263 (1972); Finch v. United States, 179 Ct. Cl. 1 (1967).
"it is therefore concluded and ordered that plaintiffs are not entitled to recover and that the decision of the Civil Service Commission Board of Appeals and Review is hereby affirmed. Accordingly, defendant’s motion for summary *775 judgment is granted, plaintiffs’ cross-motion for summary judgment is denied and plaintiffs’ petition is dismissed.”