"Since there is no genuine issue as to any material fact, this case properly comes before the court on defendant’s motion for summary judgment.
"Plaintiff, a veteran federal employee, on September 9, 1970, was reassigned to a lower grade level as a result of a reduction-in-force ("RIF”) at the GSA Design and Construction Division of the Public Buildings Service. After his agency reassignment which plaintiff accepted 'under protest,’ plaintiff filed an < appeal with the civil Service Commission ('CSC’) San Francisco Regional Office on September 15, 1970 claiming misapplication of the RIF procedures. When this appeal was denied, plaintiff appealed to the CSC Board of Appeals and Review ('BAR’). The BAR affirmed the agency decision on March 1, 1971 and informed plaintiff that he had no further right of administrative appeal.
"Plaintiff also pursued an Unfair Labor Practice Charge which was denied March 10, 1971 and from which he took no appeal.
"In his petition filed with the court on September 17, 1976, plaintiff seeks back pay with interest and attorney’s fees.
"First we must address a jurisdictional issue. Since the United States is the only proper party defendant to a suit brought in the Court of Claims, this court lacks jurisdiction over plaintiffs claim to the extent that plaintiff sues GSA, in its own name, and Robert Hampton and George E. Sheldon, as individuals. For this reason plaintiffs petition must be dismissed as to those party defendants. 28 U.S.C. § 1491 (1970); United States v. Sherwood, 312 U. S. 584 (1941).
"We must also dismiss a portion of plaintiffs petition for failure to exhaust his administrative remedies. Plaintiff alleges in paragraphs V and VI of his petition that his reassignment was illegal in that it was motivated by *825 plaintiffs supervisor’s personal spite which was based on plaintiffs union activities. Plaintiff also pleads that because of this alleged malice, plaintiff was denied reassignment to a better job under the Priority Referral Plan. However, plaintiff raises this contention of malice for the first time; plaintiff did not raise it either in his appeal to the CSC or in his subsequent appeal to the BAR. Since plaintiff failed to raise his claim of malice at the appropriate time, he is barred from doing so now. United States v. L. A. Tucker Truck Lines, Inc., 344 U. S. 33, 36-37 (1952); Grover v. United States, 200 Ct. Cl. 337, 345-47 (1973); Haynes v. United States, 190 Ct. Cl. 9, 12-13, 418 F. 2d 1380, 1382-83(1969).
"Lastly, we address the merits of plaintiffs claim, had it been properly pleaded. Although plaintiff has failed to allege in his petition that the GSA and CSC administrative actions were arbitrary, capricious, an abuse of discretion, in excess of authority, unsupported by substantial evidence, or otherwise contrary to law or regulation, we read such contentions into the petition so that it may stand. Nevertheless, any such allegations had they been pleaded would be unfounded. The record reflects that the GSA, CSC, and BAR acted legally and reasonably.
"The CSC correctly concluded in a detailed, thorough, and supported decision that plaintiffs reassignment was accomplished through a valid RIF procedure in accordance with all applicable personnel regulations and violated none of plaintiffs rights. Plaintiff was provided all procedural requirements of the regulations applicable to RIFs.
"The CSC and BAR also fully considered and properly rejected plaintiffs arguments that he was not included in the Priority Referral Plan. In denying plaintiffs claim, the CSC followed the appropriate regulations and therefore acted legally and reasonably.
"Since the record presents substantial legitimate reasons for every agency action of which plaintiff complains, plaintiff has failed to prove his case on the merits. Therefore,
*826 "it is ordered that defendant’s motion for summary judgment is granted and that plaintiffs petition is dismissed.”