This case is before us on defendant’s motion for summary judgment. After consideration of the parties’ submissions, and without oral argument, we allow the motion.
Plaintiff is a former distribution clerk with the United States Postal Service. In February 1977, plaintiff received notice of a proposed action to remove him from the Postal Service. The stated reasons for the proposed removal were plaintiffs unavailability for duty on January 10, 1977, his absence without leave on January 26, 1977, and his record of similar disciplinary offenses. After proper reply and consideration, the Postal Service removed him March 7, 1977. Plaintiff sought review before the Civil Service Commission and received a hearing before the Federal Employee Appeals Authority (FEAA). The FEAA concluded the charge concerning the January 10, 1977, absence was not sustained but concluded plaintiffs absence on January 26, 1977, and plaintiffs prior disciplinary record supported the removal action. Although plaintiff sought review of the FEAA decision before the Merit Systems Protection Board (MSPB) (formerly the Appeals Review Board), the MSPB denied plaintiffs request. Plaintiff filed suit here in March 1980, seeking reinstatement with back pay and expungement of all references to adverse actions from plaintiffs *778 employment record. Defendant’s motion for summary judgment followed.
It has long been established, of course, that the standard of judicial review of administrative action taken against federal employees is limited to determining whether there has been substantial compliance with procedural requirements and whether the action was arbitrary, capricious, or not supported by substantial evidence. See, e.g., Boyle v. United States, 207 Ct. Cl. 27, 34, 515 F. 2d 1397, 1401 (1975); Ricci v. United States, 205 Ct. Cl. 687, 693, 507 F. 2d 1390, 1393 (1974); Schlegel v. United States, 189 Ct. Cl. 30, 36, 416 F. 2d 1372, 1375 (1969), cert. denied, 397 U. S. 1039 (1970); Morelli v. United States, 177 Ct. Cl. 848, 858 (1966); Kaers v. United States, 175 Ct. Cl. 111, 117 (1966). In conducting such a review of the challenged administrative action, "the presumption is that the Government officials have acted in good faith in making their decision. * * *” Boyle v. United States, supra, 207 Ct. Cl. at 34, 515 F. 2d at 1401; Grover v. United States, 200 Ct. Cl. 337, 343 (1973); Travis v. United States, 199 Ct. Cl. 67, 70 (1972). Further, the plaintiff has the burden of showing with specificity the deficiencies, if any, that would justify reversing the administrative decision. Poschl v. United States, 206 Ct. Cl. 672, 692 (1975); Gross v. United States, 205 Ct. Cl. 605, 613, 505 F. 2d 1271, 1275-1276 (1974); Grover v. United States, supra at 344. A review of this record convinces us the FEAA action should be affirmed.
The FEAA found the charge of unscheduled absence on January 26, 1977, was sustained and, coupled with his past disciplinary record, which consisted of four suspensions for unscheduled absences, supported plaintiffs removal.[1] With regard to the charge of absent without leave on January 26, 1977, plaintiff admitted his absence but contended it was due to car trouble incurred on the return leg of a 50-mile trip to Dayton, Ohio, and should be excused because of his "credible, truthful, [and] compelling” explanation for being *779 absent. The FEAA fully considered this contention and rejected it.
The facts upon which the FEAA relied in reaching the conclusion that plaintiffs absence that date was not justified are set forth in the FEAA decision:
A careful review of the evidence shows that the appellant refused to leave his [allegedly inoperative] car and to use public transportation to return to Cincinnati in order to be available for work on January 26, 1977, even though he had previously been suspended for excessive absenteeism; that he returned to Cincinnati by 3:00 a.m. on January 26, 1977, but made no effort to report for the remaining portion of his assigned tour of duty which extended until 7:00 a.m.; and that the repairs to the appellant’s car, allegedly made to correct the problem which caused his absence on January 26, 1977, were not made until nearly one month later. Such being the case, we find that the appellant has not shown circumstances in mitigation which justify his absence from work on January 26, 1977. Accordingly, we find the charge of A.W.O.L. sustained by a preponderance of evidence.
After reviewing this record, we find the FEAA conclusion correct.
The FEAA also found that the Postal Service properly relied on plaintiffs past disciplinary record as a basis for the removal action. That record is as follows:
plaintiff was] suspended on May 20, 1975,10-days, for being unavailable for duty. (Unscheduled absences.)
Plaintiff was] suspended on June 22,1975,14-days, for being unavailable for duty seven (7) out of fifteen (15) scheduled work days. Settlement of grievance reduced the 14-days to 5-days.
[Plaintiff was] suspended on September 9,1975,28-days for 67 hours, unscheduled absences. Settlement for grievance reduced the 28-days to 19-days.
[Plaintiff was] suspended on December 25, 1976, 28-days for being unavailable for duty. (Unscheduled absences.) Settlement of grievance reduced 28-days to 14-days.
We similarly conclude that plaintiffs past disciplinary record could be used as a basis for this removal. See 5 C.F.R. *780 § 752.202(a)(1) (1977); Federal Personnel Manual Supplement 752-1, § S4-3b(1) (1976).
The removal of an employee whose unscheduled absences render him an undependable member of the work force is not arbitrary or capricious. Indeed, a dependable, reliable work force is a basic prerequisite to the success of any business and is particularly important to the Postal Service, which has a statutory mandate to provide "prompt, reliable and efficient services to patrons * * *." 39 U.S.C. § 101(a) (1976). Thus, postal employees, as well as other federal employees, are required to be regular in attendance and are subject to disciplinary action, including removal, when they fail to meet that requirement. Whether we would remove the plaintiff if we were in charge of the United States Postal Service is not the standard of review and is not for consideration.
xt is therefore ordered that defendant’s motion for summary judgment is granted. Plaintiffs petition is dismissed.

 It is irrelevant that the FEAA did not sustain the charge of unscheduled absence on January 10, 1977, because a removal action may be properly sustained notwithstanding the fact that all of the initial charges are not sustained. Ruderer v. United States, 188 Ct. Cl. 456, 462, 412 F. 2d 1285, 1290 (1969), cert. denied, 398 U. S. 914 (1970).