Raymond H. **SWENTEK**

v.

The **UNITED STATES.**

No. 28–79.

United States Court of Claims.

Aug. 19, 1981.

Keith A. Rosenberg, Washington, D. C., attorney of record, for plaintiff; Newrath, Meyer & Faller, P.C., Washington, D. C., of counsel.

Robert E. Richardson, Washington, D. C., with whom was Acting Asst. Atty. Gen. Thomas S. Martin, Washington, D. C., for defendant; Lieutenant Colonel Robert A. DeMetz, and Captain Stephen D. Petersen, U. S. Army, Washington, D. C., of counsel.

Before FRIEDMAN, Chief Judge, NICHOLS and KASHIWA, Judges.

ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT

KASHIWA, Judge.

This case comes before the court on the parties' cross motions for summary judgment. After consideration of the briefs and oral argument, for the reasons discussed below, we deny both parties' motions and order the case remanded to the Office of Appeals, Merit Systems Protection Board [1] to be considered in a manner consistent with this opinion.

I.

Plaintiff challenges his removal as a civilian employee of the United States Army where he was employed as a civil engineer, GS-0810-11, Step 4, working for the Directorate of Facilities Engineering, Engineer Plans and Services Division, Fort Dix, New Jersey. His removal was effected on October 24, 1975, on the grounds of three incidents of being absent without leave (AWOL).

The three AWOL incidents were as follows. On July 25, 1975, plaintiff was suspended for 3 days for being AWOL on May 20, 21, 22, 23, 26, 27, 29, and 30, 1975 (AWOL-1). On August 11, 1975, plaintiff was suspended for 5 days for being AWOL for approximately 3 hours on June 3, 1975, and for being AWOL on June 10, 11, 12, and 13, 1975 (AWOL-2).[2] The third inci-

---

1. The Merit Systems Protection Board was established in lieu of the Federal Employee Appeals Authority under the Civil Service Reform Act of 1978, Pub.L.No.95-454, 92 Stat. 1111. *See generally Brewer v. United States Postal Service*, Ct.Cl.App. 647 F.2d 1093 (1981).

2. Plaintiff's case hinges on this second suspension action; as such, we feel it is useful to reprint the charges of that action:

"At about 1330 hours on 3 June 1975 you advised a Clerk-Stenographer (Miss Teresa Bizzaro) in the Master Planning Branch, Engineer Plans and Services Division, Directorate of Facilities Engineering (DFAE), that you were leaving the office to see a Mr. Imhoff of the Special Inquiries Unit. Your supervisor at the time, Mr. Gerard T. Whittle, was not in the office. You did not have the permission of your supervisor or anyone of authority to leave the office. You left the office at approximately 1330 hours and did not return to duty that day. The end of the duty day is 1630 hours. You are therefore charged with absent without leave from approximately 1330 hours to 1630 hours on 3 June 1975.

"On 9 June 1975 you told Mr. Frank J. Myslinski, your supervisor at the time, that you were going on active military duty for two weeks commencing 10 June 1975. Mr. Myslinski told you on 9 June 1975 that you could not go on military leave without orders. On 10, 11, 12 and 13 June 1975 you did not report for duty

dent of AWOL was September 8, 1975 (AWOL–3), for which, on September 19, 1975, plaintiff received a Notice of Proposed Removal, which relied on all three incidents of AWOL described above.

Plaintiff appealed the two suspension actions (*i. e.*, AWOL–1 and AWOL–2). The merits of these appeals were never reached by the United States Army Civilian Appellate Review Office (USACARO), however. Instead, the appeals were dismissed for procedural reasons, *viz.*, failure to prosecute.[3] Plaintiff appealed the removal decision to the Federal Employee Appeals Authority (FEAA). By decision of June 6, 1976, the FEAA reversed the removal decision of the agency.

The FEAA based its decision on Fort Dix Regulation 690–4, which prescribed appropriate disciplinary actions.[4] That regulation provides for removal as an appropriate disciplinary action only if there are three AWOL offenses. Plaintiff challenged all three AWOL charges on their merits before the FEAA. The FEAA sustained AWOL–1 and AWOL–3 but held AWOL–2 was invalid. The basis for the invalidation of AWOL–2 was its decision that the agency had acted in an arbitrary and unreasonable manner in retaining plaintiff in an AWOL status after he produced his orders and documentation that he had indeed served on an active duty status in the Reserves on June 10–13, 1975. The FEAA held:

> It is our feeling that an individual who fulfills a commitment with one branch of the Department of the Army should not be penalized by another branch of the same agency, especially when the individual properly documents such service.[5]

Additionally, the FEAA found that the agency fully complied with the procedural requirements for effecting a removal. *See* 5 C.F.R. Part 752, Subpart B.

---

3. USACARO did attach to this decision plaintiff's orders and a certificate of attendance showing he served on active duty in the Reserves on June 10–13, 1975 (regarding AWOL–2).

4. Fort Dix Regulation 690–4 states:

| | FIRST OFFENSE | SECOND OFFENSE | THIRD OFFENSE |
|---|---|---|---|
| 5. Absence without leave (any absence from duty which has not been authorized and for which pay must be denied.) | Official written reprimand[ ] to 3–day suspension | 2 to 5 day suspension | 5 to 10 day suspension to removal |

5. The FEAA sustained on the merits the 3-hour AWOL charge in AWOL–2. It felt, however, that this was insufficient to sustain the 5-day suspension plaintiff received for AWOL–2, stating:

> "Concerning the charge in the first paragraph, that of three hours of AWOL on the afternoon of June 3, 1975, we find no evidence[,] other than the statement of appellant's immediate supervisor, which refers to this incident. Therefore, since the supervisor's statement constitutes [uncontroverted] evidence, we consider the charge as sustained on the 'merits'. However, by itself, this charge is found insufficient to warrant a five-day suspension, and apparently this was also the feeling of the agency as reflected by the decision letter which deals almost entirely with the appellant's absence from his duty station on the 10–13 of June.
>
> "It is upon the facts relating to those four days that the validity of this suspension action will stand or fall."

---

in the Directorate of Facilities Engineering. Upon your return to duty on 16 June 1975 you were questioned by Mr. Myslinski about your absence from 10 through 13 June 1975. You indicated you were on active military duty on those dates. You stated you had received orders by telephone on 9 June 1975 but did not have written orders. You were requested to provide written orders or a statement signed by a responsible official indicating the inclusive dates military training was performed which you failed to do. You were not granted approved leave by your supervisor or anyone with the proper authority to do so for the period 10 through 13 June 1975, either before or after the period of absence. You are therefore charged with being absent without leave on 10, 11, 12, and 13 June 1975.

"In further substantiation of the charge, at approximately 1700 hours on 9 June 1975 you approached Major R. R. Rebello, Acting Chief, Engineer Plans and Services Division, who was driving his car and had stopped at the traffic light at Delaware and Airfield Roads, Fort Dix, N.J. You came up to Major Rebello and indicated you were going on active military duty for two weeks. Major Rebello told you that military leave would not be approved without orders. At that point you indicated you would take annual leave and you were told by Major Rebello to submit an annual leave request. You failed to report for duty the following morning and consequently no annual leave request was submitted."

The Appellate Review Board (ARB) reversed the decision of the FEAA on the ground that the FEAA exceeded its scope of review when it reviewed the merits of AWOL–2. The ARB held:

> As a result of its review in this case, the Board finds that the documentary evidence of record submitted in verification of the two elements of appellee's past disciplinary record meets the criteria listed, above, in FPM Supplement 752–1. Since the appellee was afforded due opportunity to dispute the two prior suspension actions, the Board finds that they were properly considered by the agency in proposing and effecting his removal. In our opinion, the Field Office improperly considered the merits of the past actions as they related to the reasonableness of the penalty imposed in those instances; the Appeals Officer has no authority, under the circumstances, to substitute his judgment for that of the agency, as they met the Commission's requirements for "specificity and detail." * * *

**6.** Plaintiff objected to his lack of merit review in his petition to the court. We agree with the administrative boards and hold there was no procedural inadequacy with any of the AWOL actions. The record indicates plaintiff was reasonably apprised of the opportunities for review and that the failure to conduct a full merit review of AWOL–1 and AWOL–2 was due entirely to unjustified inaction by plaintiff.

**7.** FPM Supp. 752–1, S4–3b(1)(a) provides:

"b. **Special situations.** (1) *Reference to past disciplinary record.* When an employee has been subjected to disciplinary action for one or more past offenses and the agency uses his disciplinary record as part of the basis for a current adverse action against him, the specificity and detail required of the agency—and also the extent of review and consideration required of either the agency or the Commission on appeal—depend on whether the past disciplinary action meets three criteria: First, the employee was informed of the action in writing; second, the employee was given an opportunity to dispute the action by having it reviewed, on its merits, by an authority different from the one that took the action; and third, the action was made a matter of record. The difference in treatment, depending on whether these criteria are or are not met, is as follows:

## II.

The defendant concurs in the analysis of the ARB and, in summary, argues the FEAA could only conduct a review of the procedures followed below. According to defendant, the FEAA could only determine whether (1) plaintiff received advance notice of the action in writing, (2) plaintiff was given an opportunity to dispute the merits of the action, and (3) the action was made a matter of record.

■ Neither defendant, the FEAA, or the ARB contend there was any inadequacy in the above-mentioned procedural requirements.[6] The FEAA and plaintiff do, however, part company with the ARB and defendant on what Federal Personnel Manual, Supplement 752–1, S4–3b(1)(a)[7] (FPM Supp.) allows to be reviewed on appeal.

■ Plaintiff contends FPM Supp. 752–1, S4–3b(1)(a) allows the reviewing body to examine the *record* of the administrative proceeding and determine if the administrative *record* indicates the disciplinary action was unreasonable, arbitrary, or capricious.

"(a) If all three of the above criteria are met, the 'specifically and in detail' requirement is satisfied by the agency's setting forth the nature of the action, the date it was effected, and the offense for which it was administered. (Example: 'You were given a written reprimand on (date) for disorderly conduct.') On appeal, if the employee takes issue with the merits of the past action, the documentary record of the past action—i. e., the written notification of the action and any supporting documentation; the employee's reply, if any; *and the record of any agency administrative proceeding held in connection with the action—will be reviewed to determine the validity of that action as one of the reasons for the current action.* It will be found a valid reason unless, upon review, the agency or the Commission determines the disciplinary action was unreasonable, arbitrary, or capricious. (This does not mean that the employee is entitled to 'hash over' the record of the past action in his hearing on the current action. *He is entitled only to express his views on the propriety of the past action and to have the record of that action reviewed by the appellate body.*) If the employee does not raise an issue about the past action, only the occurrence of that action need be verified. A cited disciplinary action will be found a valid reason if it is in fact a matter of record." [Emphasis supplied.]

We believe the defendant and the ARB read FPM Supp. 752–1, S4–3b(1)(a) in an unjustifiably restrictive manner.[8] That section plainly allows a reviewing body to review the documentary record to determine whether the disciplinary action was valid:

> * * * On appeal, if the employee takes issue with the merits of the past action, the documentary record of the past action— * * * the record of any agency administrative proceeding held in connection with the action—will be reviewed to determine the validity of that action as one of the reasons for the current action. * * * [FPM Supp. 752–1, S4–3b(1)(a); see note 7, supra.]

This section then does provide a limited review of the merits of plaintiff's past suspension actions. We emphasize that the review of the past actions is limited; the past action is presumed correct unless it is "unreasonable, arbitrary, or capricious." Id. See Poschl v. United States, 206 Ct.Cl. 672 (1975). There can be no further investigation or other review independent of the record by the reviewing body. Therefore, the effect of a finding that the "specifically and in detail" requirement is satisfied is that the record of the past actions is frozen, the merits of the charges will be subject to no further investigation, and no further testimony or discovery may be obtained (except plaintiff may express his views on the matter). In short, the charges on appeal may be affirmed or invalidated solely on a review of the documentary record of the past actions: "the written notification of the action and any supporting documentation; the employee's reply, if any; and the record of any agency administrative proceeding held in connection with the action." FPM Supp. 752–1, S4–3b(1)(a).[9]

■ Accordingly, the ARB erred when it held the FEAA "improperly considered the merits of the past action as they related to the reasonableness of the penalty imposed * * *." The FEAA denied plaintiff's request for introduction of additional documentary evidence and testimony; plaintiff's active duty reserve orders and his certificate of attendance were attached to the USACARO decision; the charge relating to AWOL–2 set forth that plaintiff had orally requested leave from two of his superiors upon learning, on short notice, that he had orders to report for an active duty assignment; and the FEAA decision to invalidate AWOL–2 was based solely on such matters contained in the administrative record. As such, procedurally, the FEAA was acting within its jurisdiction when it found the agency suspension for AWOL–2 was arbitrary and unreasonable.[10]

The defendant finds the ARB's decision "strikingly analogous" to the doctrine of exhaustion of administrative remedies. E. g., United States v. L. A. Tucker Truck Lines, Inc., 344 U.S. 33, 73 S.Ct. 67, 97 L.Ed. 54 (1952); Hansen v. United States, 214 Ct.Cl. 823 (1977). The defendant then argues that in the failure to exhaust administrative remedies cases the courts refuse to grant the complaining party a broader standard of review than normal to rectify the lack of previous administrative review. Based on this analysis, the defendant asserts that plaintiff's failure to utilize the agency remedy (i. e., merit review before USACARO on AWOL–2) precludes him from further administrative review by the FEAA on the merits. Our response to this argument is that it is not our prerogative, nor the ARB's, to establish a doctrine for review for this case. The scope of review is provided in FPM Supp. 752–1, S4–3b(1)(a).

---

8. Defendant's analysis of FPM Supp. 752–1, S4–3b seemingly ignores subparagraph (1)(a).

9. Contrast this with subparagraph (1)(b) of the same section wherein if the criteria for the "specifically and in detail" requirement are not met, there is "no difference whatsoever * * * between the treatment of the past record element and the treatment of the current instance of wrongdoing."

10. While the defendant may be correct that 5 C.F.R. § 752.304(b) limits the scope of review of the suspension actions (i. e., AWOL–1 and AWOL–2), once they are being relied on to remove an employee FPM Supp. 752–1, S4–3b(1)(a) allows a limited review of the validity of those actions.

As set forth above, FPM Supp. 752–1, S4–3b(1)(a) does not preclude merit review, it merely *limits* the extent of such review. We therefore reject this analogy which defendant urges upon us.

### III.

The final phase of this case involves plaintiff's request to declare the agency's punishment of removal "unreasonable, arbitrary, and capricious." In effect, plaintiff would have us affirm the decision of the FEAA. While we have ruled the ARB erred in reversing the FEAA on the procedural ground of scope of review, at this time we decline the invitation to affirm the FEAA on the merits. We choose instead to remand the case to the Merit Systems Protection Board.

■ Plaintiff argues that since the schedule of penalties contained in Fort Dix Regulation 690–4, *see* note 4, *supra*, requires three incidents of AWOL to effect a removal and since AWOL–2 is invalid, there are only two incidents of AWOL—thus precluding plaintiff's removal. In this regard, plaintiff relies on our case law holding the discipline imposed by an agency will not be upheld where that discipline is so harsh that it is unconscionably disproportionate to the offense and amounts to an abuse of discretion. *See, e. g., Power v. United States,* 209 Ct.Cl. 126, 130–131, 531 F.2d 505, 507–508 (1976); *Daub v. United States,* 154 Ct.Cl. 434, 292 F.2d 895 (1961); *Cuiffo v. United States,* 131 Ct.Cl. 60, 137 F.Supp. 944 (1955).

■ We agree with plaintiff's recitation of our case law. Indeed, if such an abuse of discretion is found, we will invalidate a penalty even if it is within the range of penalties permitted by statute or regulation. *Power v. United States, supra; Grover v. United States,* 200 Ct.Cl. 337, 353 (1973). Our problem rests instead on the procedural posture of this case. The FEAA decision was reversed by the ARB on juris-

dictional grounds, and since we held the ARB decision to be in error it is appropriate to remand this case to the new equivalent of the ARB: the Office of Appeals, Merit Systems Protection Board. *See generally* 5 U.S.C. §§ 7513(d) & 7701 (Supp. III 1979). *Cf. Webb v. United States,* Ct.Cl. No. 96–80C (order of May 29, 1981). That board will be able to conduct an appropriate review of the FEAA decision. Such a review is especially important if the invalidation of AWOL–2 is upheld because there is then an issue whether the 3-hour period of absence encompassed in AWOL–2 (and affirmed as valid by the FEAA)[11] is sufficient to justify the agency's removal action (as is now argued by the defendant).

■ There is a great reluctance on the part of the court to become involved in the discipline process and therefore deference is accorded the agency determination. *Boyce v. United States,* 211 Ct.Cl. 57, 61, 543 F.2d 1290, 1292 (1976); *Power v. United States, supra; Hoover v. United States,* 206 Ct.Cl. 640, 513 F.2d 603 (1975). Our standard of review is not whether we would remove plaintiff if we were in charge. *Webb v. United States, supra,* order at 5. Accordingly, we place this case back in the administrative channel of review where it may be fully reviewed administratively.[12]

### CONCLUSION

After consideration of all the arguments, for the reasons discussed above, we deny both parties' motions and remand the case to the Office of Appeals, Merit Systems Protection Board and order the decision of the Federal Employee Appeals Authority be reviewed in a manner consistent with this opinion. Counsel for plaintiff shall report to the trial judge the status of such remand proceedings every 90 days pursuant to Rule 149(f).

11. *Compare* note 5, *supra.*

12. This suit is not governed by the Civil Service Reform Act of 1978 because administrative

proceedings against plaintiff were initiated prior to the effective date of the act. *Gaskins v. United States Postal Service,* Ct.Cl.App. No. 5–79 (order of October 23, 1979).