This is an appeal under the Civil Service Reform Act of 1978, 5 U.S.C. § 7703 (Supp. III 1979), from a decision of the Merit Systems Protection Board ("Board”) upholding a reduction-in-force ("RIF”) at a Veterans Administration Hospital. The RIF resulted in the downgrading of the petitioners, who were employed there in the Food Service Department. On the basis of the briefs, and without oral argument, we affirm the Board.
In 1979, the Veterans Administration informed the petitioners that because of a reduction in the personnel ceiling at the hospital by 42 positions, their positions would be abolished through a RIF. Each petitioner was offered a position at lower pay ($5.96 per hour as against the $6.54 per hour she had been receiving), which she accepted. The petitioners appealed those demotions to a local office of the *506 Board and then to the Board, both of which sustained the actions.
Before the Board, the petitioners contended that the RIF violated a Veterans Administration regulation that RIF procedures are not to be used "to accomplish staffing adjustments,” Veterans Administration Manual MP-5, pt. I, ch. 351, para. (2)(a) (1973); that it was improper to use RIF procedure to meet a reduction in the personnel ceiling; and that if the Veterans Administration had delayed acting, the RIF could have been avoided since, after the RIF was made, the personnel ceiling of the hospital was increased by 48 persons. In rejecting these contentions the Board stated:
The RIF which resulted in th appellant’s demotion was the result of an agency decision to abolish an entire competitive level due to a nationwide reduction in the Veterans Administration ceiling. Additional time, as suggested by the appellant, would not have accomplished this agency objective.
The decision of the agency to demote the appellant through a reorganization and later to add positions is not a violation of the procedures under 5 C.F.R. Part 351 nor of the Veterans Administration Manual MP-5, Part 1, Chapter 351(2)(a), which does not forbid the use of RIF procedures. The fact that subsequent to the RIF action, the agency may have received increased staffing levels, would not invalidate the action effected under the circumstances in existence at the time the appellant was down-graded.
Under section 7703(c), our review of Board decisions is restricted to determining whether the agency action was: "1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; 2) obtained without procedures required by law, rule, or regulation having been followed; or 3) unsupported by substantial evidence.” "Our review of a reduction in force is limited. . . .” Carlson v. United States, 214 Ct. Cl. 774, 774 (1977). On the record before us we cannot say that the Veterans Administration action violated any of those standards.
The petitioners also make a number of other contentions that they did not raise before the Board. Their failure to exhaust their administrative remedies with respect to those *507 issues bars them from now urging them before the court. Hansen v. United States, 214 Ct. Cl. 823, 824-25 (1977).
The decision of the Board is affirmed.