This civilian pay case is before the court on defendant’s motion for summary judgment. Plaintiff alleges that he was unlawfully terminated as a civilian aircraft mechanic for first offense attempted theft, after his case had previously been disposed of by recommendation of a 30-day suspension. Accordingly, he seeks reinstatement to his former position, back pay, and other damages.
*756 For the reasons set forth below, we conclude that the government’s motion must fail.
Plaintiff, Jack Ross, has served the United States government for nearly 30 years. His military service included combat duty in both World War II and the Korean War. For the eighteen years prior to his termination on January 21, 1977, plaintiff was employed in the Combat Maintenance Squadron, 507th Tactical Air Command Fighter Group (Air Force Reserve) at Tinker Air Force Base, Oklahoma. Until his dismissal, plaintiff apparently had no prior record of incidents of misconduct.
On June 4, 1976, plaintiff was apprehended by security guards while attempting to remove from the Air Force Base certain government property, including two bags of fertilizer and one of wood chips, valued at around $23. Plaintiff admitted taking the fertilizer and wood chips and signed a statement to that effect. He was later issued a Notice of Proposed Termination for this misconduct but prayed for leniency because of his long and unblemished service record and the small value of the property taken. Captain John L. Hopper, who was designated reviewing officer for the purposes of receiving replies and making a recommendation or final determination of punishment, recommended by letter of September 9, 1976, that the penalty be reduced from termination to a thirty-day suspension because of the nature and circumstances surrounding the violation. This recommendation was never implemented, however, and on December 7, 1976, plaintiff was notified that Captain Hopper had been replaced as reviewing officer by Brigadier General Leighton R. Palmerton. General Palmerton’s subsequent recommendation of termination was accepted, and plaintiff was dismissed.
Thereafter, plaintiff pursued formal appeals procedures through the Federal Employee Appeals Authority and the Office of Appeals Review, Merit Systems Protection Board, both of which affirmed the agency’s termination decision. Having exhausted his administrative remedies, plaintiff filed his petition in this court on November 18,1980.
Plaintiff contends that Captain Hopper’s recommendation was a final decision that was improperly replaced by General Palmerton’s decision to terminate. This decision, *757 plaintiff alleges, was instituted pursuant to an informal policy at Tinker AFB of dismissal for any employee found to have converted government property, no matter what the surrounding circumstances. The policy of automatic termination, he continues, resulted in a decision by the agency that was arbitrary, capricious and an abuse of agency discretion.
The government moves us to dismiss plaintiffs petition on the basis that the agency made no procedural error in substituting General Palmerton for Captain Hopper as reviewing officer, and that its decision to terminate was based on substantial, uncontroverted evidence in the record. Defendant points out that plaintiffs removal from his job was simply one of several penalties available to the agency to deal with his admitted attempted theft. Consequently, defendant argues, the agency’s decision is entitled to deference by this court.
In general, this court’s review of administrative determinations is limited to a finding of substantial evidence supporting the decision. Boyce v. United States, 211 Ct.Cl. 57, 60, 543 F.2d 1290, 1292 (1976). In the present case, there is ample uncontested evidence to show that plaintiff was guilty of the offense charged. The administrative review and decisions were based upon the assumption that termination of plaintiffs employment was appropriate in view of the offense. The plaintiff contends otherwise.
There is a great reluctance on the part of this court to become involved in the discipline process of government agencies, and thus the penalty for misconduct is usually left to the discretion of the agency. Power v. United States, 209 Ct.Cl. 126, 130, 531 F.2d 505, 507 (1976). Two exceptions to this general rule exist under which this court will not uphold the agency action. First, the penalty will be held invalid when it exceeds the range of permissible punishments for the offense under the applicable statute or regulation. Id. Accord, Daub v. United States, 154 Ct.Cl. 434, 292 F.2d 895 (1961); Cuiffo v. United States, 131 Ct.Cl. 60, 137 F. Supp. 944 (1955). Clearly, this not the case in the present situation, as the "Guide to Disciplinary Actions” AFR 40-740, Attachment I (Aug. 23, 1973), specifies the penalties of reprimand to removal for first offense conver *758 sion or attempted conversion of government property, depending on the circumstances of the case. The Guide specifies, however, that such criteria as value of the stolen property, length of employee’s service, mitigating circumstances and the employee’s explanation be taken into account in determining the approriate penalty.[1]
The second exception to this court’s rule of deference to agency action occurs when the penalty assessed is so harsh and unconscionably disproportionate to the offense committed that it amounts to an abuse of agency discretion. Power v. United States, supra; Heffron v. United States, 186 Ct.Cl. 474, 405 F.2d 1307 (1969). The scope of review for "abuse of discretion” is not whether this court would remove plaintiff if we were in charge, Swentek v. United States, 228 Ct.Cl. 468, 475, 658 F.2d 791, 796 (1981), but instead requires "a showing by plaintiff that the penalty is so harsh that there is an 'inherent disproportion between the offense and punishment.’” Grover v. United States, 200 Ct.Cl. 337, 353 (1973). If this is shown, the court will set aside the penalty assessed even if it lies within the range of penalties allowed by statute or regulation. Id. at 353. See also Power v. United States, supra.
In Power, an army ammunition inspector was dismissed for allegedly submitting false information in a claim for his travel voucher. The fraudulent claim amounted to some $250, but the cost to defendant came to, at most, about $66, none of which was ever paid to plaintiff. Power, supra, 133, n.5; 531 F.2d at 509, n.5. Under the circumstances, we held that the penalty of dismissal was so unconscionably disproportionate to the offense as to amount to an abuse of discretion by defendant. Id. at 129, 531 F.2d at 507. Similarly, in Cuiffo v. United States, 131 Ct.Cl. 60, 137 F. Supp. 944 (1955), we held unconscionable the termination of plaintiff for taking lumber from the shipyard where he worked. The value of the lumber, which he thought had been discarded, was "at best” negligible and the lumber had been recovered before being taken from the premises. We *759 held that "plaintiffs punishment was determined by accident and not by a process of logical determination and decision. . . . We think that it was so arbitrary and unfair that it should be set aside.” Id. at 69-80, 137 F. Supp. at 950. Accord Boyce v. United States, 211 Ct.Cl. 57, 543 F.2d 1290 (1976).
In the present case, plaintiff, a veteran employee with a combined military and civil service of almost 30 years and an otherwise unblemished record, was terminated for a first-offense attempt to convert government property worth about $23. He alleges facts which indicate that his punishment may have been assessed in accordance with general, quasi-automatic personnel policy at Tinkers AFB,[2] rather than with an objective evaluation of the circumstances surrounding his offense. We defer to the determinations of the appeals boards that there were no procedural flaws in the late substitution of General Palmerton for Captain Hopper as reviewing officer, or in the refusal of General Palmerton to be bound by Captain Hopper’s recommendation of suspension for plaintiffs offense. We believe, however, that the agency’s assessment of termination as a penalty, given the specific facts of this case, was so unconscionably disproportionate to the offense committed by the plaintiff as to constitute an abuse of discretion by defendant.
As we said in Power, supra, "We reemphasize that this suit is unique because of its peculiar facts. The general rule remains that the penalty imposed by the agency will be viewed as a matter within agency discretion unless such discretion is abused. Such discretion has been abused in the case at bar.” Power, 209 Ct.Cl. at 135, 405 F.2d at 510. So also in the instant case.
Accordingly, after consideration of the submissions of the parties, without oral argument of counsel, defendant’s motion for summary judgment is denied. This case is hereby suspended for thirty days in order to give plaintiff *760 the opportunity to file a motion for summary judgment on his own account.
April 2, 1982

 General Palmerton testified in plaintiffs hearing before the Federal Employee Appeals Authority that "certainly the events as far as the situation itself is concerned and all the mitigating circumstances that would be associated therewith” were taken into account. Appeal of Jack Ross. F.E.A.A. No. DA752B70281 at 6 (June 8,1977).

 The Air Force has utterly failed to offer any evidence of an urgent reason (such as the outbreak of an overwhelming wave of pilfering at Tinkers AFB) that would justify said general personnel policy. In any event, such a policy might conflict with defendant’s own personnel regulation, supra at757-58.